NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROGER CALVIN KROLL, *Appellant*.

No. 1 CA-CR 18-0665
FILED 4-16-2019

Appeal from the Superior Court in Mohave County
Nos.  S8015CR201701712; S8015CR201800363
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following the superior court's finding that Roger Calvin Kroll violated a term of his probation.  Kroll's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999).   Kroll was given the opportunity to file a supplemental brief in *propria persona* but did not do so.  Counsel now asks this Court to search the record for fundamental error.  After reviewing the entire record, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2        In April 2018, Kroll plead guilty to two counts of possession of dangerous drugs (methamphetamine), a Class 4 felony, and one count of misconduct involving weapons, a Class 4 felony.   The superior court suspended imposition of sentence and placed Kroll on probation for a period of four years.

¶3        Two months later, in June 2018, the State petitioned to revoke Kroll's probation. The petition alleged Kroll failed to report to his probation officer and reside at an approved residence.

¶4        After a contested probation-violation hearing, the superior court found the State had proven the failure-to-report violation but not the second violation.  After the disposition hearing, the court sentenced Kroll to consecutive minimum sentences of 1.5 years' incarceration with 156 days of presentence-incarceration credit for one of the possession-of-dangerous drugs counts and the misconduct-involving weapons count.   It also

---

[1]      We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Kroll. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

sentenced him to a consecutive slightly mitigated sentence of two years' incarceration with no presentence-incarceration credit for the second possession-of-dangerous drugs count.

**¶5**         Kroll timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶6**         The record reflects no fundamental error in trial proceedings, and it reflects that Kroll received a fair trial.  Kroll was represented by counsel and present at all critical stages of the proceedings.  *See* Ariz. R. Crim. P. 27.8(b)(2), (c).  The proceedings complied with Arizona Rule of Criminal Procedure 27.8 (providing procedures for probation revocation), and the court imposed a legal sentence for the crimes of which Kroll was convicted.  Because we find no reversible error, we affirm the finding of a violation and the sentences imposed.

## CONCLUSION

**¶7**         After the filing of this decision, defense counsel's obligation pertaining to Kroll's representation in this appeal will end.  Defense counsel need do no more than inform Kroll of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the Court's own motion, Kroll has thirty days from the date of this decision to proceed, if he wishes, with a *propria persona* motion for reconsideration. Further, Kroll has 30 days from the date of this decision to proceed, if he wishes, with a *propria persona* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA